## Bulebosh v. Bowman

*Pershing, Mears, Smith and King,* for plaintiff.
*H. Reginald Belden, Jr.,* for defendant.

HUDOCK, *J.,* December 5, 1980 — Plaintiff has filed a complaint in assumpsit alleging that he and defendant by virtue of a deed dated March 21, 1979 became the owners of a parcel of real estate situated in Unity Township, known as Lot no. 14 in the Bessemer Coke Company Plan of Lots. Plaintiff alleges that by virtue of the deed, recorded in Deed Book 2014, page 900, that the parties became joint tenants with right of survivorship, and not tenants in common, of the premises.

Plaintiff alleges that he has paid all of the property taxes levied against the premises, and that defendant despite repeated demands, has not contributed toward the payment of property taxes.

It is plaintiff's position that defendant, by virtue of being a joint tenant, owes a contribution toward the payment of real estate taxes.

Defendant has filed preliminary objections in the nature of a demurrer alleging that the complaint does not support a cause of action in assumpsit on the basis of a mere allegation of joint tenancy, there being no allegation of any agreement by plaintiff to contribute toward payment of taxes.

Plaintiff in his brief argues that the conveyance was actually made to the parties on March 21, 1969, and contends that there is an implied duty between joint tenants with right of survivorship to contribute toward the payment of property taxes on a proportional basis. Plaintiff argues that a tenant in common, on the other hand, does not have such a

responsibility as a tenancy in common has separate and distinct interests without right of survivorship; but that joint tenants having a right of survivorship do have a responsibility toward contribution for taxes.

Plaintiff cites 1 Ladner, Conveyancing in Pennsylvania, 3d. 2d. § 1: 12, page 13. Ladner, id, states that "Although joint tenants have a unity of ownership of the whole estate, yet as between or among themselves each has an undivided moiety. Consequently, they share in the rents and profits, and each is liable to the others for waste and for contributions for payment of taxes, encumbrances, etc. Hence, also, in all cases of severance of the joint tenancy, is the interests of joint tenants are presumed equal, regardless of the amount each actually contributed."

Ladner, interestedly, cites Mitchell, The Law of Real Estate and Conveyancing in Pennsylvania, 257. Though the accuracy of Ladner is not questioned by the court, the court's research is unable to determine the existence of the Mitchell treatise. The problem must therefore be analyzed in view of more traditional authority. In fairness to both Ladner and Mitchell, however, it should be noted that defendant has cited no cases in support of his proposition that the mere existence of a joint tenancy does not support an obligation of contribution toward payment of taxes.

The situation in this case would seem to be controlled by the Act of May 25, 1945, P.L. 1050, 72 P.S. 5511.12 which provides as follows:

"Any joint tenant, tenant in common, or coparcener of real property shall have the right to pay his portionate part of the amount of taxes due thereon. It shall be the duty of the tax collector to receive and

receipt for the same. The interest of any such joint tenant, tenant in common, or coparcener, shall not be affected by any proceeding or sale to enforce payment of taxes on the other interests in the said land."

Accordingly, it cannot be said by plaintiff that he was paying taxes for the purpose of protecting his own interest in land, for a default by the joint tenant would not affect plaintiff's proportionate interest in the real estate.

The above mentioned law regarding taxation is very similar to the law regarding tenancy in common.

Ladner provides that, with respect to an interest in common, such interest shall not be subjected to the lien or sale of taxes on the shares of a co-tenant, so long as a party has paid his proportionate share of taxes on the property. There is apparently no obligation to pay taxes on the shares of a co-tenant, and one who does so is a volunteer and cannot compel reimbursement or contribution. Ladner, supra, §1.14, page 15.

Since plaintiff has made no allegations other than the fact that the parties stand in the relationship of joint tenants, the demurrer of defendant is well founded and should be granted.

## ORDER

And now, December 5, 1980, upon consideration of preliminary objection filed by defendant, the preliminary objections are hereby sustained and a demurrer is granted. The complaint shall be dismissed, and plaintiff shall be given 20 days in which to amend his complaint to set forth any relevant allegations arising out of the within subject matter.